1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   FREDERICK ARCHULETA,                    Case No. 1:19-cv-01799-LJO-EPG (PC)

12               Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION
                                              FOR A PRELIMINARY INJUNCTION
13        v.
                                              (ECF NO. 8)
14   JONG, et al.,

15               Defendants.

16

17

18

19

20        Frederick Archuleta ("Plaintiff") is a state prisoner (or former state prisoner) proceeding

21   *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 16, 2020,

22   Plaintiff filed what the Court construes as a motion for a preliminary injunction. (ECF No. 8).

23   For the reasons that follow, Plaintiff's motion will be denied.

24   **I.    PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

25        Plaintiff asks for an injunction prohibiting "defendants, their successors in office, agents

26   and employees and all other persons acting in concert and participation with them, from sending

27   [him] back to prison being [he] attempted to get psychiatric help before snorting pills and using

28   drugs." (ECF No. 8, p. 2). Plaintiff alleges that being sent back to prison "puts [his] person at

                                              1

great risk." (Id. at 3).

## II.    LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III. ANALYSIS

It is not clear if Plaintiff is asking the Court to prevent Defendants from transferring him from Coalinga State Hospital to a prison, or if he is asking the Court to prevent anyone from sending him to prison for "snorting pills and using drugs" because he was not provided with the appropriate psychiatric help. In either case, Plaintiff is not entitled to relief.

First, Plaintiff has not paid the filing fee or filed an application to proceed in forma pauperis in this case.

Second, to the extent Plaintiff is asking for an injunction to prevent Defendants from transferring him from Coalinga State Hospital to a prison, Plaintiff has submitted no evidence, nor has he even sufficiently alleged, that Defendants (who appear to be mental health professionals at Coalinga State Hospital) have the authority to prevent Plaintiff from being transferred to a prison. Moreover, to the extent that Plaintiff is asking for this form of relief, his request appears to be moot. Plaintiff has stated, both in his complaint and in his motion for injunctive relief, that he is going to be released on January 14, 2020. (ECF No. 1, p. 4; ECF No. 8, p. 15). If Plaintiff has already been released, then it appears that he no longer needs an injunction preventing Defendants from transferring him from Coalinga State Hospital to a prison.

Finally, to the extent Plaintiff is asking the Court to prevent anyone from sending him to prison for "snorting pills and using drugs," Plaintiff's motion will denied because under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Here, it does not appear that any named defendants would be responsible for sending Plaintiff to prison for violating the law. Moreover, Plaintiff cited no authority for the proposition that the Court can issue an injunction to prevent anyone from sending him to prison for "snorting pills and using drugs" because mental health professionals did not provide appropriate treatment.

Therefore, the Court will deny Plaintiff's motion for a preliminary injunction.

## IV. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for a

preliminary injunction is DENIED.

IT IS SO ORDERED.

    Dated:    **January 17, 2020**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE